IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AVION T. LAWSON,

    Plaintiff,

v.                                                     CASE NO. 5:18-cv-84-MCR-GRJ

C. BRANNON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a inmate in the custody of the Florida Department of Corrections at Lake Correctional Institution, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff failed to either pay the $400.00 filing fee or file a motion for leave to proceed as a pauper. The Court will not require Plaintiff to correct these deficiencies, however, because it is clear that this case is due to be dismissed pursuant to the three-strikes bar under 28 U.S.C. § 1915(g).

Plaintiff's claims center around alleged excessive force, deliberate indifference to serious medical needs, and retaliation that he says he endured while incarcerated several years ago at Northwest Florida Reception Center ("NWFRC"). All of the Defendants that Plaintiff attempts

to bring claims against were employees—wardens, officers, captains, sergeants, and nurses—at NWFRC.

Plaintiff is subject to the three-strikes bar of § 1915(g) because he has had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Lawson v. Barber*, No. 5:15cv229/MP/EMT, ECF No. 14 (N.D. Fla. Nov. 23, 2015) (dismissing case without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(I)); *Lawson v. Marshall*, No. 5:15cv199/LC/GRJ, ECF No. 11 (N.D. Fla. Oct. 30, 2015) (dismissing case without prejudice for abuse of the judicial process and noting that the dismissal operates as a "strike" pursuant to § 1915(g)); *Lawson v. Leavins*, No. 5:15cv76/RS/EMT, ECF No. 9 (N.D. Fla. May 5, 2015) (dismissing case without prejudice as malicious pursuant to § 1915(e)(2)(B)(I)). The Court has confirmed that the inmate identification number of the plaintiff in the previous cases is the same as Plaintiff's inmate identification number in this case: W38414. Plaintiff is therefore barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges

imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* Vague allegations of harm and unspecific references to injury are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the exception is not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

The alleged constitutional violations Plaintiff complains of occurred

while Plaintiff was incarcerated at NWFRC. Plaintiff is no longer at NWFRC and, liberally construed, Plaintiff has alleged no facts suggesting that he faces any imminent danger stemming from his present conditions of confinement. Accordingly, the Court concludes that the three-strikes provision of § 1915(g) bars Plaintiff from bringing this case as a pauper.

A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Plaintiff did not pay the filing fee at the time he initiated this suit. This case is therefore due to be dismissed.

It is respectfully **RECOMMENDED** that this case should be **DISMISSED WITHOUT PREJUDICE** pursuant to the three-strikes bar under 28 U.S.C § 1915(g).

**IN CHAMBERS** this 4th day of April 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**